UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Charles Smith
on behalf of himself and on behalf of
Anheuser-Busch Deferred Income Stock
Purchase and Savings Plan (For Employees
Covered by a Collective Bargaining
Agreement),

                Plaintiff,

vs.                                             Case No. 3:09-cv-673-J-25MCR

Anheuser-Busch Companies, Inc and BNY
Mellon, National Association,

                Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel and for Discovery Sanctions (Doc. 24) filed February 26, 2010.

**I.    BACKGROUND**

On June 25, 2009, Plaintiff, David Parsons on behalf of himself and the Anheuser-Bush Deferred Income Stock Purchase and Savings Plan, filed a complaint against Defendants, Anheuser-Bush Companies, Inc. and BNY Mellon, National Association, under ERISA. (Doc. 1).

On October 16, 2009, the parties filed a Case Management Report in which Defendant, BNY Mellon, National Association ("Defendant"), agreed to "exchange information described in Fed. R. Civ. P. 26(a)(1)(A)-(D) on or by November 15, 2009."

(Doc. 21, p. 1, ¶ 2).[1]  On November 16, 2009, Defendant served its Rule 26 disclosures listing documents it may use to support its defense but did not produce the actual documents.  (Docs. 24, p. 2; 24-1).

In December 2009, Plaintiff requested copies of the Rule 26 documents as well as a "better description of the subjects of information of their witnesses."  (Docs. 26, pp. 2-3; 26-3).  Plaintiff also served Requests for Production of Documents listed in Defendant's Rule 26 disclosures.[2]  (Id.).  In response, Defendant provided responses and objections to Plaintiff's Requests for Production and produced the documents identified in its initial disclosures.  (Docs. 26, p. 3; 26-5).

On January 20, 2010, Plaintiff's counsel contacted Defendant's counsel and stated its response was insufficient and requested additional documents.  (Doc. 26, p. 3).  On February 16, 2010, Defendant agreed to produce the additional documents requested by Plaintiff subject to a confidentiality agreement; however, Plaintiff refused to enter such an agreement.[3]  (Docs. 26, p. 4; 26-6).  Defendant thereafter sought

---

[1]On October 20, 2009, the Court entered a Case Management and Scheduling Order that directed the parties "to meet the agreed upon terms and time limits in the parties' Case Management Report."  (Doc. 22, p. 1, ¶ 1).

[2]The Court notes that the Case Management Report states that Plaintiff did not intend to serve any requests for production beyond "possibly expected trial documents of the defendants."  (Doc. 21, p. 2).

[3]The Court notes that the Case Management Report states that "[t]he parties agree that certain documents and information may require a confidentiality stipulation, and will work toward agreeing to the terms of a mutually acceptable confidentiality agreement and protective order."  (Doc. 21, p. 5).

permission from its client to produce the documents without a confidentiality agreement, but Defendant's client refused.[4]   (Doc. 26, p. 4).

On February 26, 2010, Plaintiff filed the instant Motion to Compel and for Discovery Sanctions pursuant to Federal Rule of Civil Procedure 37 (Doc. 24).  On March 12, 2010, Defendant filed its response stating that the discovery documents sought have already been produced and therefore Plaintiff's Motion is without merit and is moot (Doc. 26).  Accordingly, this matter is now ripe for judicial determination.

## II.  ANALYSIS

### A.  Motion to Compel

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See id.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion

---

[4]Subsequent to Plaintiff filing the instant Motion to Compel, Defendant's client agreed to allow production of the additional documents without a confidentiality agreement and the documents were produced.  (Doc. 26, pp. 4, 6).

requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, the Court is uncertain as to the exact documents Plaintiff is seeking an order compelling.  According to Defendant, it produced the documents identified in its initial disclosures as well as additional witness information.  (Doc. 26, pp. 3-6).  Additionally, the documents which Defendant would not produce without a confidentiality agreement were produced subsequent to Plaintiff filing the instant Motion. (Id. at pp. 4, 6).  Defendant asserts "there is no pending request that [Defendant] failed to answer."  (Id. at p. 5).  Therefore, based on the Court's review of the documents submitted as well as counsel for Defendant's representations, the Court finds the instant Motion is moot.

### B. Motion for Sanctions

The Court will deny Plaintiff's request for sanctions against Defendant as the circumstances surrounding this Motion do not warrant the imposition of sanctions. Under Rule 37(b), sanctions are not generally warranted absent a showing of bad faith, willfulness or that the other party has been substantially prejudiced.  See e.g., Searock v. Stripling, 736 F.2d 650 (11th Cir. 1984).  Plaintiff has made no such showing here. Additionally, although Plaintiff's counsel asserts that a good faith attempt was made to resolve this matter prior to filing the instant Motion, (Doc. 24, pp. 3-7), the Court is skeptical of this assertion and reminds counsel of Local Rule 3.01(g), which requires a movant to confer with opposing counsel in an attempt to resolve the discovery dispute

prior to seeking Court involvement.[5] As such, the undersigned believes an award of sanctions would be unjust. Perhaps if counsel for Plaintiff had contacted counsel for Defendant immediately prior to filing the instant motion, the parties would have been able to resolve the dispute without court intervention.

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion to Compel and for Discovery Sanctions (Doc. 24) **DENIED as moot**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  17th  day of March, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[5] The importance of the Local Rules cannot be overstated. All counsel are expected to be familiar with and comply with all applicable rules of this Court. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996). The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. Aug. 14, 2000).